# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIE DUBY,<br><br>                    Petitioner,<br><br>      v.<br><br>JIM TILTON, et al.,<br><br>                    Respondents. | Civil No.   07cv0915-JM (JMA)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On April 30, 3007, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis, in the District Court for the Eastern District of California. Because Petitioner is challenging a conviction from the San Diego County Superior Court, the Petition was transferred to this Court.

On May 25, 2007, the Court granted Petitioner's motion to proceed in forma pauperis and dismissed the case without prejudice and with leave to amend because Petitioner had failed to name a proper respondent. (*See* Order dated May 25, 2007 [doc. no. 3].) Petitioner was given until July 23, 2007 to file a First Amended Petition which cured the pleading deficiencies outlined in the May 25, 2007 Order. (*Id.*)

On June 25, 2007, Petitioner sent a document to the Court which was filed as a First Amended Petition in this case, 07cv0915. However, upon closer inspection of the document, it appears that it is not a First Amended Petition which challenges Petitioner's state court

conviction. Rather, in the document, Petitioner complains about the quality of medical care she is receiving while incarcerated. (*See* doc. no. 5.) These claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser*, 411 U.S. at 488-500. It appears that Petitioner seeks to challenge the conditions of her prison life, but not the fact or length of her custody.

For the foregoing reasons, the Court **DISMISSES** the petition without prejudice and with leave to amend. In order to proceed with this habeas action, Petitioner must file a Second Amended Petition no later than **August 13, 2007** which cures the pleading deficiencies outlined in this Court's May 25, 2007 Order. If Petitioner wishes to file a civil rights complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of her confinement, she must file a separate civil rights action which will be given a separate case number. THE CLERK OF THE COURT IS DIRECTED TO MAIL PETITIONER A BLANK SECOND AMENDED PETITION FORM AND A BLANK 42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT FORM ALONG WITH THIS ORDER.

**IT IS SO ORDERED.**

DATED: July 6, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties